UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA MARIE GONZALES,

       Plaintiff,

v.

       Case No. 1:14-CV-1236

       HON. ROBERT HOLMES BELL

STILLMAN LAW OFFICE; MIDLAND
FUNDING LLC; and MICHAEL R.
STILLMAN, individually,

       Defendants.
_____/

**O P I N I O N**

This action alleging debt-collection violations is before the Court on a motion to dismiss filed by Defendants Stillman Law Office and Michael R. Stillman. (ECF No. 15.) For the reasons that follow, the motion will be granted in part and denied in part.

**I.**

Plaintiff Theresa Marie Gonzales filed this action against Defendants Stillman Law Office, Midland Funding LLC, and Michael R. Stillman, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p, the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251-258, and the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901-914.

Defendants Stillman Law Office and Michael R. Stillman (hereinafter the "Stillman Defendants") have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure

12(b)(2), 12(b)(3), and 12(b)(6) for lack of personal jurisdiction, improper venue, and failure to state a claim on which relief can be granted.

## II.

The Stillman Defendants move to dismiss this action pursuant to Rules 12(b)(2) based on their assertion that this Court does not have personal jurisdiction over them. Defendants acknowledge that the Stillman Law Office is a domestic professional service corporation with its principal offices located in Michigan, and that Defendant Michael Stillman resides in Michigan. However, they contend that because they reside in the Eastern District of Michigan, the United States District Court for the Western District of Michigan cannot exercise personal jurisdiction over them. The Stillman Defendants are mistaken.

"[P]ersonal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). Michigan's long-arm statute permits the exercise of general personal jurisdiction over an individual based on, among other things, domicile in the state. Mich. Comp. Laws § 600.701. Michigan's long-arm statute permits the exercise of general personal jurisdiction over a corporation based on, among other things, the carrying on of a continuous and systematic part of its general business within the state. Mich. Comp. Laws § 600.711.

Both of the Stillman Defendants are subject to general personal jurisdiction in the Michigan state courts by virtue of residing in and doing business in the state. The Michigan long-arm statute does not distinguish between presence in the eastern or western district of the State. Similarly, the due process inquiry concerns the defendant's contacts with the state, rather than its contacts with a particular federal district within the state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) (noting that due process requires certain minimum contacts with the state). This Court clearly has personal jurisdiction over the Stillman Defendants. Accordingly, the Stillman Defendants' motion to dismiss for lack of personal jurisdiction will be denied.

## III.

The Stillman Defendants also move to dismiss this action pursuant to Rule 12(b)(3) for improper venue. Plaintiff has alleged that venue is proper because the Defendants transact business here, the pertinent events took place here, and the Plaintiff resides here. (Am. Compl. ¶ 8.) The Stillman Defendants assert that venue is improper because the events giving rise to Plaintiff's claims did not occur in the Western District of Michigan, and the Court does not have personal jurisdiction over the Defendants.

The federal statute governing venue of civil actions brought in federal district courts provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

3

   subject of the action is situated; or
   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

  Neither party has presented evidence or argument on where the events giving rise to Plaintiff's claim occurred. Accordingly, the Court focuses its attention on subparagraph (1) and the residency of the defendants. A corporate defendant is deemed to reside in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id*. at § 1391(c)(2). However, if a state has more than one judicial district, a corporation is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* at § 1391(d). Subsection (d) requires "a hypothetical analysis of personal jurisdiction confined to" the district where the suit was filed. *Bicicletas Windsor, S.A. v. Bicycle Corp. of Am.*, 783 F. Supp. 781, 785-86 (S.D.N.Y. 1992).

  As noted in Part II above, both of the Stillman Defendants are residents of the State of Michigan. If Defendant Midland Funding is a resident of this judicial district, then venue is proper in this district pursuant to § 1391(b)(1). The Stillman Defendants have not addressed the potential applicability of § 1391(b)(1), nor have they presented sufficient evidence to enable this Court to determine whether Defendant Midland Funding, LLC is a resident of the State of Michigan and of the Western District of Michigan. Because the Stillman Defendants have not met their burden of proving that venue is improper in this

4

Court, the Court will deny their motion to dismiss on the basis of improper venue.

## IV.

Defendant Michael Stillman moves for dismissal of all of the claims against him individually due to lack of personal liability. He asserts that Plaintiff's attempt to hold him personally liable for any alleged violations of Stillman Law Office is incorrect and unfounded. His request for dismissal challenges Plaintiff's assertion that he is a "debt collector" or a "regulated person" for purposes of any of the claims in Plaintiff's complaint. He acknowledges that an attorney can be a "regulated person" under the Michigan Collection Practices Act, but only for "handling claims and collections on behalf of a client and in the attorney's own name." Mich. Comp. Laws § 445.251(g)(xi). Michael Stillman asserts that the efforts to collect the debt on behalf of Midland Funding, LLC were taken not by Michael Stillman in his own name, but by Stillman Law Office, a professional corporation.

In reviewing a motion to dismiss for failure to state a claim, this Court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012).

Plaintiff has alleged that Michael Stillman is the owner and chief shareholder of Stillman Law Office, and that he uses interstate commerce and the mails in a business whose

principal purpose is the collection of debt. (Compl. ¶ 5.) Plaintiff has further alleged that Michael Stillman participated in efforts to collect the debt from her and presumably others. (Compl. ¶¶ 6, 7.) Viewing the allegations in the light most favorable to Plaintiff, the Court is satisfied that Plaintiff's pleadings are sufficient to state a claim against Michael Stillman in his individual capacity.

If, on a motion to dismiss pursuant to Rule 12(b)(6), a party presents matters outside the pleadings that are not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). In this case, in support of his motion to dismiss, Michael Stillman has presented evidence that Stillman Law Office is a professional corporation. (Defs.' Ex. D.) Plaintiff has not disputed Michael Stillman's evidence that Stillman Law Office is a professional corporation. Instead, Plaintiff asserts that Michael Stillman's name is found on the summons and the proposed consent judgment in the state court action. (Compl. Exs. A, C.)

Even if this Court does not exclude the evidence, and construes Michael Stillman's motion as one for summary judgment, the Court finds that Michael Stillman has not shown that he is entitled to judgment as a matter of law. "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). An attorney may be subject to individual liability for FDCPA violations, even though the allegedly improper debt collection actions were taken by the attorney's limited liability company. *See Kistner v. Law Offices of Michael*

*P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008); *Russell v. Goldman Roth Acquisitions, LLC*, 847 F. Supp. 2d 994, 1005 (W.D. Mich. 2012) (noting that in *Kistner*, the Sixth Circuit held that an employee of a debt collector can be held personally liable under the FDCPA so long as that employee individually qualifies as a debt collector). The evidence presented by Michael Stillman simply does not establish that Michael Stillman cannot be held individually liable in this case. Accordingly, Defendant Michael Stillman's motion to dismiss the complaint against him for lack of personal liability will be denied.

**V.**

Plaintiff has alleged that Defendants violated §§ 1692e, 1692e(2)(A), (8), and (10), § 1692f(1), and § 1692c(a)(2) of the FDCPA. (Compl. ¶¶ 20, 70.) Plaintiff has also alleged violations of the MCPA and the MOC. The Stillman Defendants move for dismissal of Plaintiff's complaint in its entirety pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted.

**A. Alleged Violations of the § 1692e and § 1692f of the FDCPA**

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

1. Stale Debt

Plaintiff has alleged that Defendants violated § 1692e and § 1692f by filing a

7

complaint on a "stale" debt whose collection was barred by the applicable statute of limitations. (Compl. ¶¶ 30, 33, 34, 46, 59.)

The Stillman Defendants contend that Plaintiff has failed to prove that Defendants attempted to collect on a time-barred debt. Although "proof" is not required to withstand a motion to dismiss, Plaintiff "readily acknowledges that the Defendant has now provided sufficient documentation to verify" that the debt was not stale. (Pl. Resp. 15, ¶ 38, ECF No. 18.) In light of Plaintiff's concession, the Court will grant Defendants' motion to dismiss Plaintiff's claims to the extent they are premised on Defendants' efforts to collect a stale or time-barred debt.

2. <u>Misleading or Deceptive Representations of Amount Owed</u>

Plaintiff has alleged that Defendants violated §§ 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA by misrepresenting the exact amount owed by Plaintiff and providing a different amount in their complaint, letter, and proposed consent order. (Compl. ¶¶ 30, 31.) It is a violation of the FDCPA to make a false representation of "the character, amount, or legal status of any debt." 15 U.S. C. § 1692e(2)(A). It is also a violation of the FDCPA to use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

The exhibits attached to Plaintiff's complaint reflect that on May 27, 2014, Defendants filed a complaint in state court requesting judgment for $2,847.16, plus post-filing interest, costs, and any sundry costs and/or attorneys' fees allowable by statute or court

rule. (Compl. Exh. A.) The complaint failed to disclose what part of the $2,847.16 was the original debt, and what part was for interest or other charges. Defendants' September 23, 2014, letter to Plaintiff confirmed a payment arrangement based on a current balance of $3,240.97. (Compl. Exh. B.) Defendants did not indicate in this letter how it arrived at the increased balance due. On or about October 20, 2014, Defendants sent Plaintiff a proposed consent judgment which reflected a principal amount due of $2,007.25, court costs of $90.70, statutory interest of $1,074.04, and statutory attorney fees of $75.00, for a total judgment of $3,246.99. (Compl. Exh. C.)

Defendants contend that they are entitled to dismissal of Plaintiff's misleading or or deceptive representation claim because it is undisputed that the balance of the debt was subject to interest, costs, and attorney fees, and Defendants explained the reasons for the increase in the balance amount by noting in the complaint that the amount would be subject to interest, costs, and attorneys' fees.

The Sixth Circuit has adopted the "least sophisticated debtor" or "least sophisticated consumer" test for determining whether a debt collector made a misrepresentation to a consumer in violation of the FDCPA. *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007).

> The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor. The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. Although this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a

>  quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.

*Id.* at 509-10 (internal quotations and citations omitted).

Defendants contend that there can be no violation of the FDCPA if the debt collector explains the reason for the increase in the balance amount. Defendants' reliance on *Williams v. OSI Educ. Servs.*, 505 F.3d 675, 678 (7th Cir. 2007), in support of this proposition is misplaced because the letter at issue in *Williams*, unlike the complaint and letter at issue in this case, broke down the total amount due into principal, interest, and other fees. *Id.* at 677. Defendants' reliance on *Acik v. I.C. Sys., Inc.*, 640 F. Supp.2d. 1019, 1023 (N.D. Ill. 2009), is curious in as much as the *Acik* court held that a letter that failed to disclose what the "Additional Client Charges" fee represented violated both §§ 1692e and 1692f of the FDCPA. *Id.* at 1025, 1027. Furthermore, both *Williams* and *Acik* came to the court in a different procedural posture – summary judgment as opposed to a Rule 12(b)(6) motion to dismiss.

In *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004), the Seventh Circuit held that the debtor had stated a claim against an attorney under the false or misleading representation and unfair practices provisions of the FDCPA where the defendant's letter to the plaintiff showed an account balance that exceeded the plaintiff's principal obligation, and did not explain that attorney fees were included in the account balance. *Id.* at 566. The court determined that an unsophisticated consumer could be confused by this tactic, reasoning that "[i]t is unfair to consumers under the FDCPA to hide the true character of the debt, thereby

impairing their ability to knowledgeably assess the validity of the debt." *Id*. *Fields* did not require itemization, but did advise that itemizing the different charges that comprise the total amount of the debt was one simple way to comply with the FDCPA. *Id*.

The Court is satisfied that Plaintiff's allegations are sufficient to survive Defendants' Rule 12(b)(6) motion because the un-itemized and changing balance "could conceivably mislead an unsophisticated consumer." *See Fields*, 383 F.3d at 565-66. At this early stage of the litigation, the Court has no way of determining whether Plaintiff will be able to produce evidence to show that an unsophisticated consumer would view the complaint, letter, and proposed consent judgment as misleading or deceptive. *See McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 765 (7th Cir. 2006) (denying motion to dismiss). Accordingly, the Stillman Defendants' motion to dismiss Plaintiff's claims regarding the misleading or deceptive nature of the representations as to the amount owed will be denied.

3. <u>Communicating False Credit Information</u>

Plaintiff has alleged that Defendants violated § 1692e(8) of the FDCPA. Section 1692e(8) provides that it is a violation to communicate or threaten to communicate "credit information which is known or which should be known to be false." 15 U.S.C. § 1692e(8).

The Stillman Defendants move for dismissal of this claim based on their contention that Plaintiff failed to elaborate on how such violation occurred. Plaintiff has not responded to this argument. However, in her response, Plaintiff no longer asserts that Defendants violated § 1692e(8). (Pl. Resp. at 9, ¶ 13.)

11

Plaintiff's complaint contains no factual allegations regarding any attempts by Defendants to communicate credit information which they knew or should have known to be false. Plaintiff has failed to allege a plausible claim that Defendants violated § 1692e(8). Accordingly, Defendants' motion to dismiss Plaintiff's claims premised on a violation of § 1692e(8) will be granted.

**B.  Alleged Violations of § 1692c(a)(2) of the FDCPA**

Plaintiff alleges in Count IV of her amended complaint that Defendants violated § 1692c(a)(2) of the FDCPA by contacting Plaintiff about the debt after they knew she was represented by counsel. Section 1692c(a)(2) provides that a debt collector may not communicate with a consumer in connection with the collection of any debt

> if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . . .

15 U.S.C. § 1692c(a)(2).

The Stillman Defendants move for dismissal of Count IV. They contend that § 1692c does not apply to their actions because Plaintiff was never represented by counsel in the state court action that was directed to collection of the debt. Defendants note that Plaintiff has merely alleged that Defendants contacted her in connection with the debt after they knew or should have known that she was represented by counsel in this FDCPA action. In the alternative, the Stillman Defendants contend that their actions are subject to the bona fide error defense.

Whether Plaintiff's representation in this action under the FDCPA could also be construed as representation "with respect to the debt," and whether that is something Defendants had knowledge of, or could readily ascertain, are questions of fact that are not ripe for determination on this motion to dismiss. The Court is satisfied that Plaintiff has adequately alleged a plausible violation of § 1692c. Similarly, application of the bona fide error defense is an affirmative defense that is subject to questions of fact that are not ripe for determination on this motion to dismiss. Accordingly, Defendants' motion to dismiss Plaintiff's claim under § 1692c will be denied.

## VI.

Plaintiff's state law claims under the MCPA and the MOC mirror her FDCPA claims. For the reasons stated in Part V above, Defendants' motion to dismiss Plaintiffs' state law claims will be granted as to the claims premised on Defendants' efforts to collect a stale or time-barred debt, and as to the claims premised on the communication of false credit information, and denied in all other respects.

## VII.

For the reasons stated above, the Stillman Defendants' motion to dismiss will be granted in part and denied in part. The motion will be granted as to Plaintiff's claims premised on Defendants' efforts to collect a stale or time-barred debt, and as to Plaintiff's claims premised on the communication of false credit information, and denied in all other respects.

An order consistent with this opinion will be entered.

Dated: August 17, 2015                              /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE